**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| AZAR DISTILLING, LLC | § | |
| Plaintiff | § | |
| | § | Civil Action No. 5:17-cv-643 |
| vs. | § | |
| | § | JURY TRIAL DEMANDED |
| DARK CORNER DISTILLERY, LLC, | § | |
| Defendant | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff, Azar Distilling, LLC ("Plaintiff"), as its Complaint against Defendant, Dark Corner Distillery, LLC ("Defendant"), alleges and states as follows:

**I. PARTIES**

1. Plaintiff is a Texas limited liability company organized and existing under the laws of the State of Texas with its principal place of business in San Antonio, Texas.

2. Upon information and belief, Defendant is a South Carolina limited liability company organized and existing under the laws of the State of South Carolina with its principal place of business in Greensville, South Carolina.

**II. JURISDICTION AND VENUE**

3. This is an action for trademark infringement, false designation of origin, and unfair competition under the United States Trademark Act, 15 U.S.C. §§ 1051, et seq., and related claims under the laws of the State of Texas.

4. This court has jurisdiction of the claims herein pursuant to 15 U.S.C. § 1121 (actions arising under the Federal Trademark Act), 28 U.S.C. §1338(a) (acts of Congress relating to trademarks), and 28 U.S.C. 1338(b) (unfair competition claims). The amount in question herein exceeds $75,000.00.

5. This Court has supplemental jurisdiction over the causes of action arising under state law because they are substantially related to those causes of action over which this Court has original jurisdiction, pursuant to 28 U.S.C. § 1367.

6. This court has personal jurisdiction over Defendant because Defendant has purposefully availed itself of the privilege of doing business in Texas, has transacted business in Texas, and has committed the tortious acts complained of herein, in this judicial district.

7. On information and belief, Defendant has marketed, conducted taste demonstrations, and sold its product in Texas using the infringing mark (See Facebook screenshots attached hereto as Exhibit A). Defendant has therefore established minimum contacts with Texas and with this judicial district and is subject to the exercise of personal jurisdiction over it by this Court.

8. Venue is proper in the Western District of Texas pursuant to 28 U.S.C. 1391(b) and (c) because Defendant is subject to personal jurisdiction in this district and has committed acts of infringement in Texas.

## III. FACTUAL BACKGROUND

9. Plaintiff was founded in San Antonio, Texas over ten years ago and has continuously provided gin, among other distilled spirits, to local, statewide, national and international retailers, restaurants and bars.

10. Plaintiff owns the "Seersucker Southern Style Gin" trademark (U.S. Trademark Registration No. 5,046,678, the "Registered Trademark"), the "Southern Style Gin" trademark (U.S. Trademark Application Serial No. 87/418,268), and the "SG" trademark (U.S. Trademark Application Serial No. 87/144,653) (all marks collectively, the "Southern Style Trademarks"). Plaintiff has used the Southern Style Trademarks in interstate commerce in connection with its goods and services in the field of distilled spirits.

11. On or about June 9, 2015, Plaintiff filed an application to register the "Seersucker Southern Style Gin" trademark with the United States Patent and Trademark Office (the "USPTO"), which registered September 20, 2016, on the Principal Register under the Trademark Act of 1946. On or about August 19, 2016, Plaintiff filed an application to register "SG" trademark with the USPTO, which received a notice of allowance on February 28, 2017. On or about April 20, 2017, Plaintiff filed an application to register "Southern Style Gin" trademark with the USPTO, which is still pending. A true and correct copy of Plaintiff's U.S. Registration No. 5,046,678 certificate is attached hereto as Exhibit B.

12. Plaintiff has, at all relevant times, provided notice that its Registered Trademark is registered with the USPTO by displaying the symbol ® as where the registered mark is used in connection with Plaintiff's goods and by using the TM designation on pending non-registered marks.

13. Plaintiff is the senior user of the Southern Style Trademarks. Plaintiff uses the Southern Style Trademarks to identify its products and to distinguish them from those of others by, among other things, prominently displaying the mark in association with its products. As can be seen on Exhibit C attached hereto, Plaintiff prominently displays the "Southern Style Gin"

trademark along the bottom of the main label of its bottles containing the product. Plaintiff also as part of its trade dress includes the initials "SG" along the neck of the bottle.

14. Because of the exclusive use by Plaintiff of its Southern Style Trademarks to promote its goods, the marks have become, through widespread and favorable public acceptance and recognition, an asset of substantial value as a symbol of Plaintiff, its quality goods and services and its goodwill.

## IV. DEFENDANT'S INFRINGING ACTS

15. Defendant exploited and traded upon Plaintiff's goodwill by using marks confusingly similar to the Southern Style Trademarks without authorization by or license from Plaintiff. To that end, Defendant has marketed its competing product in Texas and on the internet using the "Southern Style" designation, a direct misappropriation of Plaintiff's Trademarks. *See* Exhibit D hereto, which is incorporated herein by reference as if set forth verbatim. Defendant has marketed and sold its gin using the "American Southern Style" designation along the bottom of the main label of its bottle, which is confusingly similar to Plaintiff's use of the Southern Style Trademarks. Furthermore, the Defendant also copies the use of initials along the neck of its bottle, which is confusingly similar to Plaintiffs. (Compare Plaintiff's marks in Exhibit C and Defendant's similar use in Exhibit D.)

16. Defendant's use of "Southern Style" on its products, advertisements and domain name directly infringes the Southern Style Trademarks because it is confusingly similar to the Southern Style Trademarks and directed to similar customers of Plaintiff. Defendant markets this product in similar market to similar consumers as Plaintiff.

17. Defendant's wrongful conduct has caused and will continue to cause irreparable injury to Plaintiff valuable trademark and trade name rights, and wrongfully trades on the Plaintiff's goodwill.

18. Defendant's goods are related to the goods commercialized and provided in connection with the Southern Style Trademarks or represent a natural zone of expansion for Plaintiff, and Defendant's goods would travel in and be promoted through the same channels of trade as Plaintiff's goods, for commercialization to, and use by, the same class of purchasers.

19. Defendant is not authorized to use the Southern Style Trademarks and is not an agent, partner, licensee or affiliate of Plaintiff. Plaintiff has no relationship to Defendant other than as a competitor in the marketplace.

## V. CAUSES OF ACTION
## COUNT I: TRADEMARK INFRINGEMENT (15 U.S.C. § 1114)

20. Plaintiff adopts and incorporates each preceding paragraph as if set forth fully herein at this point.

21. Defendant's acts constitute trademark infringement under 15 U.S.C. § 1114.

22. Because Defendant is marketing its products under Plaintiff's trademarked name "Southern Style" Defendant is creating and is likely to create confusion in the marketplace as to the source, origin, or sponsorship of Defendant's products and services. There is a strong likelihood of confusion between Plaintiff's products marketed under the Southern Style Trademarks and Defendant's products due to the latter's use of the Southern Style Trademarks in the advertising, promotion and sale of its products and services.

23. Defendant's acts of trademark infringement have materially injured, and are likely to continue to injure, Plaintiff's business and property by depriving Plaintiff of sales and customers, injuring its reputation and goodwill, and causing it to sustain monetary damages.

24. Defendant has engaged in and continues to engage in these activities knowingly and willfully.

25. Plaintiff has provided Defendant with actual notice of Plaintiff's registrations and related rights and requested that Defendant cease and desist from its acts of infringement, but Defendant has not done so.

**COUNT II: COMMON LAW TRADEMARK INFRINGEMENT**

26. Plaintiff adopts and incorporates each preceding paragraph as if set forth fully herein at this point.

27. This claim is to remedy acts of common law trademark infringement arising under Texas common law.

28. Defendant's use and infringement of the Southern Style Trademarks in the advertising, promotion and sale of its services and products gives rise to a strong likelihood of confusion between Defendant's products and those sold by Plaintiff.

29. Defendant's actions constitute common law trademark infringement and have materially injured, and are likely to continue to injure, Plaintiff's business and property by, among other things, depriving Plaintiff of sales and customers, injuring its reputation and goodwill, and causing it to sustain monetary damages.

30. Defendant has engaged in and continues to engage in these activities knowingly and willfully.

**COUNT III: UNFAIR COMPETITION (15 U.S.C. § 1125(A))**

31. Plaintiff adopts and incorporates each preceding paragraph as if set forth fully herein at this point.

32. This claim is to remedy acts of unfair competition in commerce and arises under 15 U.S.C. § 1125(a).

33. There is a strong likelihood of confusion between the Southern Style Trademarks and Defendant's use of the Southern Style Trademarks in the advertising, promotion and sale of its services and products

34. Defendant is improperly exploiting the fame and goodwill inherent in the Southern Style Trademarks to find and divert potential customers away from Plaintiff.

35. Defendant's acts of unfair competition have materially injured, and are likely to continue to injure, Plaintiff's business and property by, including but not limited to, depriving Plaintiff of sales and customers, injuring its reputation and goodwill, and causing it to sustain monetary damages.

36. Defendant has engaged in and continues to engage in these activities knowingly and willfully.

**COUNT IV: COMMON LAW UNFAIR COMPETITION**

37. Plaintiff adopts and incorporates each preceding paragraph as if set forth fully herein at this point.

38. This claim is to remedy acts of unfair competition under the common law of Texas.

39. The Southern Style Trademarks are valid and enforceable trademarks that are eligible for protection. Plaintiff is the exclusive owner and senior user of the Southern Style Trademarks.

40. There is a strong likelihood of confusion between the Southern Style Trademarks and Defendant's use of the Southern Style Trademarks in the advertising, promotion and sale of its products

41. Defendant is improperly exploiting the reputation and goodwill inherent in the Southern Style Trademarks to attract potential customers and to divert them away from Plaintiff.

42. Defendant's activities constitute unfair competition in violation of Texas common law.

43. Defendant's acts of unfair competition have materially injured and are likely to continue to injure Plaintiff's business by, including but not limited to, depriving Plaintiff of sales and customers, injuring Plaintiff's reputation and goodwill, and causing Plaintiff to sustain monetary damages, loss and injury.

44. Defendant has engaged in and continues to engage in these activities knowingly and willfully.

**COUNT V: FALSE ADVERTISING (15 U.S.C. 1125(A))**

45. Plaintiff adopts and incorporates each preceding paragraph as if set forth fully herein at this point.

46. This claim is to remedy acts of false advertising in commerce and arises under 15 U.S.C. § 1125(a).

47. Defendant's activities as set forth above constitute false or misleading descriptions of fact and false or misleading representations of fact in commercial advertising or promotion, which misrepresent the true nature, characteristics, and qualities of Defendant's goods and services.

48. Defendant's advertisements and statements are false and are likely to mislead the trade and public into believing, inter alia, that Plaintiff authorizes Defendant's products.

49. Accordingly, Defendant's activities constitute false advertising in violation of 15 U.S.C. § 1125(a).

50. Defendant's acts of false advertising have materially injured and will continue to injure Plaintiff's business and property by, among other things, depriving Plaintiff of sales and customers, injuring its reputation and goodwill, and causing it to sustain monetary damages.

51. Defendant has engaged in and continues to engage in these activities knowingly and willfully.

**COUNT VI: COMMON LAW FALSE ADVERTISING AND DECEPTIVE TRADE PRACTICES**

52. Plaintiff adopts and incorporates each preceding paragraph as if set forth fully herein at this point.

53. This claim is to remedy acts of false advertising and deceptive trade practices under the common law of the State of Texas.

54. Defendant's activities as set forth above constitute false or misleading descriptions or representations of fact in commercial advertising or promotion, which misrepresent the nature, characteristics and qualities of Defendant's goods, as well as Plaintiff's goods and commercial activities.

55. Defendant uses Plaintiff's Southern Style Trademarks with the willful intent to trade on Plaintiff's reputation, thereby to attract consumer attention, and not to make a good faith comparison because Plaintiff does not authorize Defendant's products.

56. Accordingly, Defendant's unlawful activities constitute false advertising and deceptive trade practices as proscribed by the common law.

57. Defendant has engaged in and continues to engage in these activities knowingly and willfully.

58. Defendant's acts have materially injured and will continue to injure Plaintiff's business and property by, among other things, depriving Plaintiff of sales and customers, injuring its reputation and goodwill, and causing it to sustain monetary damages.

**COUNT VII: DECEPTIVE TRADE PRACTICES UNDER STATE LAW (TEX. BUS. & COM. CODE §17.41 ET SEQ)**

59. Plaintiff adopts and incorporates each preceding paragraph as if set forth fully herein at this point.

60. This claim is to remedy acts of false advertising and deceptive trade practices under the Texas Deceptive Trade Practices--Consumer Protection Act.

61. Defendant's activities as set forth above constitute false or misleading descriptions of fact, and/or false or misleading representations of fact in commercial advertising or promotion which misrepresent the nature, characteristics and qualities of Defendant's goods, as well as Plaintiff's goods and commercial activities.

62. Defendant uses Plaintiff' famous Southern Style Trademarks with the intent to trade on Plaintiff's reputation and thereby to attract consumer attention and not to make a good faith comparison because Defendant's products are not authorized by Plaintiff.

63. Accordingly, Defendant's unlawful activities constitute false advertising and deceptive trade practices as proscribed by the common law.

64. Defendant has engaged in and continues to engage in these activities knowingly and willfully.

65. Defendant's acts have materially injured and continue to injure Plaintiff's business and property by, among other things, depriving Plaintiff of sales and customers, injuring its reputation and goodwill, and causing it to sustain monetary damages.

**COUNT VIII: TRADEMARK DILUTION (15 U.S.C. § 1125(C); TEX. BUS. & COM. CODE § 16.29)**

66. Plaintiff adopts and incorporates each preceding paragraph as if set forth fully herein at this point.

67. This cause of action arises under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), and Texas Bus. & Com. Code § 16.29.

68. Defendant's use of the Southern Style Trademarks has caused, and will continue to cause, dilution of the distinctive quality of the Southern Style Trademarks as a unique source identifier for Plaintiff in the minds of consumers and will tarnish the Southern Style Trademarks.

69. Defendant has engaged and continues to engage in this activity knowingly and willfully, which justifies the assessment of treble damages against Defendant, in an amount to be determined at the time of trial.

70. Defendant has willfully traded on Plaintiff's reputation and willfully diluted Plaintiff famous Plaintiff Marks in violation of 15 U.S.C. § 1125(c), and Plaintiff is therefore entitled to the remedies set forth in 15 U.S.C. § 1117(a).

71. Defendant has engaged in and continues to engage in these activities knowingly and willfully.

**VI. REQUEST FOR INJUNCTIVE RELIEF**

72. Plaintiff adopts and incorporates each preceding paragraph as if set forth fully herein at this point.

73. As a proximate result of Defendant's acts as alleged herein, Plaintiff has suffered and will continue to suffer damage to its business, goodwill, reputation, and profits while Defendant wrongly profits at Plaintiff's expense. Plaintiff will continue to suffer such irreparable harm if Defendant's misconduct continues.

74. Plaintiff has no adequate remedy at law for this unfair competition and false advertising. Plaintiff's loss and damage to its goodwill, reputation, business, and profits cannot adequately be measured in damages.

75. Defendant accordingly should be preliminarily and permanently enjoined from engaging in the conduct described above.

## VII. PRAYER FOR RELIEF

For the reasons stated, Plaintiff requests the following relief:

A. Preliminary and permanent injunctions restraining Defendant, and its officers, directors, principals, agents, servants, employees, successors and assigns, and all individuals acting in concert or participation with any of the foregoing, from infringing Plaintiff's trademark rights and unfairly competing with Plaintiff;

B. An order that Defendant file with the Court and serve on counsel for Plaintiff, within thirty days after entry of any injunction issued by the Court in this action, a sworn statement as provided in 15 U.S.C. §1116 setting forth in detail the manner and form in which Defendant has complied with the injunction;

C. An order that Defendant deliver to Plaintiff for destruction or other disposition, within thirty days of the entry of final judgment herein, any and all infringing promotional, marketing, advertising, and promotional materials used in connection therewith, now or hereafter in its possession, custody, or control;

D. Judgment ordering Defendant to account to Plaintiff for any and all profits derived by Defendant from the sale of goods or services bearing the infringing trademark;

E. A monetary judgment against Defendant for Plaintiff's damages and Defendant's profits, pursuant to 15 U.S.C. §1117;

F. Judgment for three times the amount of such award on account of Defendant's willful, intentional, and bad faith conduct, pursuant to 15 U.S.C. §1117;

G. Judgment for Plaintiff's reasonable attorneys' fees, costs and disbursements incurred herein in view of Defendant's intentional and willful infringement, pursuant to 15 U.S.C. §1117;

H. An order that Defendant cause the transfer of any domain names owned or controlled by Defendant be transferred to Plaintiff; and

I. Any other and further relief as the Court may deem just and proper.

**JURY TRIAL DEMAND**

Plaintiff hereby demands a trial by jury pursuant to Fed. R. Civ. P. 38 as to all issues herein so triable.

Respectfully submitted,

/s/ Daniel A. Rogers
Daniel A. Rogers
State Bar No. 24046746
ROSENTHAL PAUERSTEIN
SANDOLOSKI AGATHER LLP
McCombs Plaza
755 E. Mulberry, Suite 200
San Antonio, Texas 78212
Telephone: (210) 244-8876
Facsimile: (210) 244-8976
Electronic mail: drogers@rpsalaw.com
*Attorney for Plaintiff*